

# NUMBER 13-20-00531-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RICARDO TATI SANTIESTEBAN,                                      Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

## On appeal from the 25th District Court
## of Gonzales County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Ricardo Tati Santiesteban pleaded guilty to driving while intoxicated (third or more offense), a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b)(2). Appellant pleaded true to the enhancement paragraph in the indictment noting a prior conviction of a felony, increasing appellant's offense level to a second-degree felony. *See*

*id.* § 12.42(a). The trial court sentenced appellant to ten years' incarceration in the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ), suspended the sentence, and placed appellant on community supervision for ten years. Subsequently, the State filed a motion to revoke community supervision, and appellant pleaded true to all nine of the State's allegations. The trial court revoked appellant's community supervision and sentenced him to ten years' imprisonment in the TDCJ.

Appellant filed a notice of appeal. Appellant's court-appointed appellate counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel

2

Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing a response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) supplied appellant with a form motion for pro se access to the appellate record that includes the Court's mailing address, instructions to file the motion within ten days, and only requires appellant's signature and the date. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate time has passed, and appellant has not filed a pro se response.[1]

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed counsel's brief and the entire record, and we have found nothing that would support a finding of reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for

---

[1] On March 26, 2021, we granted appellant's motion for pro se access to the appellate record. We ruled that appellant would have thirty days from the date that he received his copy of the record to file a pro se response with this Court. The trial court notified this Court that appellant received a copy of the appellate record on April 2, 2021. To date, appellant has not filed a pro se response.

reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744*; see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.    CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
10th day of February, 2022.

---

[2] No substitute counsel will be appointed. If appellant seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.